# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSEPH FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:15-cv-00213-JVB-SLC |
| | ) | |
| BASF CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen County Superior Court by Defendant BASF Corporation based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The Notice of Removal alleges that BASF Corporation is a Delaware corporation with its principal place of business in New Jersey, and that Plaintiff, at all relevant times, "has been a resident of the State of Indiana." (DE 1 ¶¶ 5-6).

But the Notice of Removal is inadequate because it fails to properly allege Plaintiff's citizenship. Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, Defendant is ORDERED to supplement the record by filing an amended notice of removal on or before August 31, 2015, that properly alleges the citizenship of the

individual Plaintiff.

    SO ORDERED.

    Enter for this 17th day of August 2015.

s/ Susan Collins<br>
Susan Collins,<br>
United States Magistrate Judge